Plaintiff Valeriano Diviacchi

*pro se* Valeriano Diviacchi

24 Holton Street

Boston, MA. 02134

617-542-3175

vdiviacchi@me.com



**FILED**

MAY 17 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**LB**

**CV 23 - 2417**

Case #C-

---

| | |
|---|---|
| VALERIANO DIVIACCHI | COMPLAINT FOR |
| Plaintiff | DECLARATORY AND |
| V. | INJUNCTIVE RELIEF / JURY |
| STATE BAR OF CALIFORNIA | DEMAND |
| Defendant | |

---

## NATURE OF THE ACTION

1.      Plaintiff seeks declaratory relief from violations of the 14th Amendment of the United

States Constitution created by *Rule 4.41(A)* of the Defendant State Bar (hereinafter "State Bar")

Admissions Rules. Based on such declaratory relief, Plaintiff further seeks an order to the State

Bar that it allow the Plaintiff to complete its California Bar "Application for Determination of

Moral Character" and to give the Plaintiff a hearing and decision on the merits to such

application.

2.      This *Rule 4.41(A)* allows California Bar Exam passers who are undocumented

immigrants in active felonious violation of United States federal immigration law more

privileges and immunities to apply for admission to the California State Bar (specifically, the

legal right to complete the California Bar "Application for Determination of Moral Character"

and to receive a hearing and decision on the merits to such application) than it does to California

Bar Exam passers who are United States citizens. Such discrimination against U.S. citizens in

their ability to be heard by the California Supreme Court (hereinafter "Supreme Court") on their

petitions for admission is a denial of 14th Amendment  Substantive Due Process and procedural

due process requirements, Equal Protection requirements, and its Privileges and Immunities

Clause and is a denial of the 1[st]Amendment fundamental right of petition that through the 14th

Amendment to the United States Constitution are applicable to California state law.

3.      This *Rule 4.41(A)* without a hearing arbitrarily and randomly disbars for life an entire

class of applicants through the Defendant State Bar Committee's own unappealable procedural

rules without any hearing or ability for review by the Supreme Court  — such petitioning ability

is a fundamental 1st Amendment and 14th Amendment right for 14th Amendment Due Process,

Equal Protection, and Privileges and Immunities purposes whose restriction is subject to strict

scrutiny.

4.      Plaintiff has exhausted all of his administrative remedies and the California Supreme

Court denied his Petition for Review and Petition for Rehearing on the issues presented here.

## JURISDICTION AND DIVISIONAL ASSIGNMENT

5.     This action is brought under 42 U.S.C. §§ 1983.

6.     This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C.

§§ 1331 and 1343.

7.     This Court has authority to grant declaratory and other relief under 28 U.S.C. §§

2201 and 2202.

8.     Venue is appropriate under 28 U.S.C. § 1391 and LR 3-2 because a substantial

part of the events giving rise to the claim occurred in this judicial District, and because

Defendants operate or do business in this judicial District.

9.     Divisional venue lies with the San Francisco Division as a substantial part of the events

giving rise to the claim occurred within the San Francisco or Oakland Division. The Defendant's

offices are in San Francisco. The Plaintiff took the California Bar Exam in Oakland. Plaintiff

Diviacchi resides out-of-state in Boston, Massachusetts. Defendant State Bar has its principal

place of business in the San Francisco Division.

## PARTIES

10.    Plaintiff is a resident of the Boston, Suffolk County, Massachusetts.

11.    Defendant State Bar is a public entity of the State of California that through its Board of

Trustees, Committee of Bar Examiners, and Office of Admissions establishes eligibility criteria

for becoming licensed to practice law in California. One requirement for licensing is passage of

the California State Bar Exam, which the State Bar develops, administers, and scores each

year. Another requirement for licensing is completion and passing of its "Application for

COMPLAINT

Determination of Moral Character".

STATEMENT OF FACTS

12.     For a full statement of all relevant facts, Plaintiff refers and incorporates herein by reference his attached Exhibits: 1) Petition for Review , 2) Denial of Review, 3) Petition for Rehearing/Verified, and 4) Denial of Rehearing. As a summary, Plaintiff states as follows.

13.     Plaintiff has passed the July 2022 California Bar Examination that he took in Oakland California. Exhibit 1, at its *attached Exhibit A.*

14.     As a result, Plaintiff has satisfied all requirements for admission to the CalBar except for having "an active positive moral character determination on file". Id.

15.     However, Plaintiff cannot have such on file because the State Bar will not allow him to complete the associated "Application for Determination of Moral Character" needed to get an active positive determination because *State Bar Rule 4.41* states in relevant part:

> ... An attorney who is suspended for disciplinary reasons or disbarred, has resigned with disciplinary charges pending or is otherwise not in good standing for disciplinary reasons in any jurisdiction may not submit an application.

16.     If the State Bar had allowed Plaintiff to complete the State Bar "Application for Determination of Moral Character", it would have learned that:

A)      the Plaintiff is a legal immigrant refugee to this Country after escaping from communist Yugoslavia. Plaintiff is a naturalized United States Citizen with an honorable discharge from six years of service in the U.S. Navy.

B)      Plaintiff has continued into his 65th year of life as he has lived his whole life: as a contributing working or full-time student member of society who has a) never filed for

COMPLAINT

bankruptcy nor ever had any bankruptcy problem, debt liens, or judgments against him; a) always paid his debts including taxes in full and on-time including all student loans and mortgages; c) always paid his income taxes on time and never had any local, state, or federal tax liens; d) supported his family by working since he was 14 and as a married adult within 35 years of marriage supporting his child; e) never had a criminal record nor any civil liability including malpractice settlements nor judgments ever entered against him; and f) handled approximately a thousand cases in seven different jurisdictions for almost 25 years.

C)     Plaintiff has used the last few years of his forced removal from the practice of law to return to post-graduate studies at his own expense using his retirement funds. Plaintiff expects to get his Ph.D. in philosophy in 2023.

D)     The Massachusetts suspension and any subsequent denial of reinstatement are not entitled to reciprocal enforcement in California because it was factually and legally deficient and issued in violation of the U.S. First Amendment. Plaintiff at all material times is a member of the Massachusetts Bar. However, the Massachusetts Bar on or about December 2015 suspended the Plaintiff for 27 months resulting — over the Plaintiff's objections — in a reciprocal suspension from the Maine Bar. Id., at its *attached Exhibit B*. (Plaintiff had previously resigned from the District of Columbia Bar. Id.) Such 27 month term suspension ended on or about March 2018. Id. Plaintiff has always and continues to maintain his actual innocence of the basis for the Massachusetts suspension:

However, I have not as yet been reinstated and most likely will never be reinstated

COMPLAINT

because I continue publicly to maintain my actual innocence of the suspension findings and continue publicly to criticize the disciplinary and court process by which the false findings were made. Id.

E)      At all material times, Plaintiff still maintains that after completion of the 27 month term suspension, the Massachusetts Bar — among other improper requirements — was requiring that Plaintiff admit to guilt in the basis of his suspension before allowing him reinstatement which Plaintiff refused and continues to refuse to do. Id. Thus, the reciprocal suspension in Maine still stands. Id. Such reinstatement dispute to this date continues between Plaintiff and the Massachusetts Bar. Id.

17.     As California law is now, the following individuals are not only entitled to complete the "Application for Determination of Moral Character" required by *State Bar Rule 4.41* but may in fact be entitled to "an active positive moral character determination" and subsequent admission:

—       applicants with a misdemeanor or felony criminal record. Martin B. v. Committee of Bar Examiners of State Bar of California, 190 Cal.Rptr. 610 (1983); Hallinan v. Committee of Bar Examiners of State Bar of California, 55 Cal.Rptr. 228 (1966).

—       undocumented immigrant applicant who are in active criminal violation of federal immigration law. In re Garcia, 58 Cal. 4th 440, 452-53 (2014)

—       applicants who have had their employment agency licenses or other professional licenses suspended for misconduct. Hall v. Committee of Bar Examiners of State Bar of California, 159 Cal.Rptr. 848 (1979).

—       applicants against whom allegations are made of sexual harassment, of illegal wiretapping, and of vexatious frivolous litigation. Lubetzky v. State Bar, 285 Cal.Rptr.

COMPLAINT

268 (1991).

18.     As the California bar admission application process stands now, an undocumented immigrant in active felonious violation of federal immigration law has more privileges and immunities to apply for admission to the California State Bar (specifically, the legal right to complete the California Bar "Application for Determination of Moral Character" and to receive a hearing and decision on the merits to such application) than the Plaintiff who is a legal refugee to the United States and a naturalized United States citizen with an honorable discharge from military service for the United States with no criminal record. *Compare*, In re Garcia, 58 Cal. 4th 440, 452-53 (2014) to Exhibit 1.

19.     The latter U.S. Citizen — this Plaintiff Diviacchi — is now *de facto* barred for life from the California Bar purely administratively without any judicial hearing or any hearing on the merits. This *de facto* disbarment is reciprocal punishment for what was a limited term suspension in another state for which the term itself has long since been served and completed — again, this reciprocal punishment is issued without any hearing or even judicial review of the term suspension by any reciprocal hearing.

20.     Because the State Bar prohibits Plaintiff from completing its required "Application for Determination of Moral Character": a) Plaintiff cannot satisfy the remaining requirement for "an active positive moral character determination on file" regardless of what may be his character at issue; b) the State Bar will not make any recommendations to the California Supreme Court on Plaintiff's admission; and thus c) the State Bar has *de facto* denied Plaintiff admission to the California Bar without any hearing, without any findings on the merits or any recommendations

COMPLAINT

made to the California Supreme Court, and without any right of review nor even access to the California Supreme Court on Plaintiff's application for admission.

21.     Plaintiff specifically through correspondence informed the State Bar of the Constitutional and other legal requirements for allowance of an "Application for Determination of Moral Character" submission and of a hearing on Plaintiff's Application for admission. Exhibit 1 attached at its *Exhibit B & C*. Plaintiff requested review by the California Supreme Court but such review was twice denied. Exhibits 2 - 4. Plaintiff has exhausted his administrative remedies.

COUNT I - PRIVILEGES AND IMMUNITIES CLAUSE

22.     The allegations and all referenced exhibits contained in the preceding paragraphs are incorporated by reference as if fully set forth here.

23.     The above facts state a violation of the Privileges and Immunities Clause of the 14th Amendment and are a deprivation of constitutional rights causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

24.     Plaintiff is entitled to declaratory and injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional laws, practices, procedures and policies pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§1983, 1988.

COUNT II - SUBSTANTIVE DUE PROCESS

25.     The allegations and all referenced exhibits contained in the preceding paragraphs are incorporated by reference as if fully set forth here.

26.     The above facts state a violation of the substantive due process requirements of the 14th

COMPLAINT

Amendment and are a deprivation of constitutional rights causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

27.      Plaintiff is entitled to declaratory and injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional laws, practices, procedures and policies pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§1983, 1988.

COUNT III - PROCEDURAL DUE PROCESS

28.      The allegations and all referenced exhibits contained in the preceding paragraphs are incorporated by reference as if fully set forth here.

29.      The above facts state a violation of the procedural due process requirements of the 14th Amendment and are a deprivation of constitutional rights causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

30.      Plaintiff is entitled to declaratory and injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional laws, practices, procedures and policies pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§1983, 1988.

COUNT IV - EQUAL PROTECTION

31.      The allegations and all referenced exhibits contained in the preceding paragraphs are incorporated by reference as if fully set forth here.

32.      The above facts state a violation of the equal protection requirements of the 14th Amendment and are a deprivation of constitutional rights causing Plaintiff to suffer irreparable

COMPLAINT

injury for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

33.     Plaintiff is entitled to declaratory and injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional laws, practices, procedures and policies pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§1983, 1988.

COUNT V - FIRST AMENDMENT

34.     The allegations and all referenced exhibits contained in the preceding paragraphs are incorporated by reference as if fully set forth here.

35.     The above facts state a violation of the First Amendment right to petition made applicable to the states by the 14th Amendment and are a deprivation of constitutional rights causing Plaintiff to suffer irreparable injury for which there is no adequate remedy at law. Unless enjoined by this Court, Plaintiff will continue to suffer irreparable harm.

36.     Plaintiff is entitled to declaratory and injunctive relief against continued enforcement and maintenance of Defendant's unconstitutional laws, practices, procedures and policies pursuant to 28 U.S.C. §§ 2201, 2202; 42 U.S.C. §§1983, 1988.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Grant all temporary and preliminary injunctive relief necessary to bring Defendant into compliance with Constitutional requirements;

2.     Grant declaratory relief;

3.     Grant permanent injunctive relief ordering Defendant to allow Plaintiff to complete the

COMPLAINT

"Application for Determination of Moral Character" and to give him a hearing and

decision on the merits to his application for admission with full rights of review;

4.      Order Defendant to pay Plaintiff's reasonable attorneys' fees and statutory costs;

5.      Grant such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury of all claims and causes of action so triable.

Plaintiff *pro se,*

Date: 5/14/23

Plaintiff Valeriano Diviacchi

*pro se* Valeriano Diviacchi

24 Holton Street

Boston, MA. 02134

617-542-3175

vdiviacchi@me.com

COMPLAINT

11

**EXHIBIT 1**

IN THE SUPREME COURT

OF THE STATE OF CALIFORNIA

Case No.

_____

In re Valeriano Diviacchi

_____

PETITION FOR REVIEW AND FOR ISSUANCE OF

MANDATE PURSUANT TO *BUS. & PROF. CODE §6066*,

*CALIFORNIA RULES OF COURT RULE 9.13(d)*, AND

*STATE BAR RULE 4.9*

Petitioner:   Valeriano Diviacchi

24 Holton Street, Boston, MA. 02134

617-542-3175. Fax: 617-542-3110. vdiviacchi@me.com

CalBar File #559654

Respondent:   California State Bar Office of Admissions

Amy C. Nunez, in official capacity as Program

Director III.

180 Howard Street, San Francisco, CA., 04105

415-538-2300. amy.nunez@calbar.ca.gov

I.      Relief Sought:

Pursuant to the statutory requirements of *Bus. & Prof. Code §§6062-6064,* to the Supreme Court's inherent powers under *Article VI* of the California Constitution, and to the United States Constitution *14ᵗʰ Amendment* required Due Process and Equal Protection, Petitioner seeks from this Court:

> *I)*      an order to the State Bar Office of Admissions ("CalBar") to allow Petitioner to complete and submit the "Application for Determination of Moral Character" required by *State Bar Rule 4.41* for purposes of the CalBar making recommendations to this Court on admission of the Petitioner to its Bar;
>
> *ii)*      an order declaring the portion of *State Bar Rule 4.41* barring Petitioner and other individuals in similar circumstances from completing and submitting its required "Application for Determination of Moral Character" to be an unlawful *de facto* denial of admission in violation of the CalBar's legal duty only to make recommendations to this Court on admission, to be an unlawful usurpation of this Court's Constitution duty to make admission decisions, and to be a violation of *14ᵗʰ Amendment* Equal Protection and both substantive and procedural Due Process.

II.     Review within the State Bar Has Been Exhausted:

Pursuant to *Bus. & Prof. Code §6066, California Rules of*

*Court Rule 9.13(d)*, and *Rules of State Bar Rule 4.9*, the only avenue for review is to appeal the Respondent's *de facto* denial of admission (*attached* as <u>Exhibit C</u>) to this Court pursuant to *Supreme Court Rule 9.13(d)* and *State Bar Rule 4.9*.

In the Respondent's decision, Respondent specifically states, "[t]his communication will serve as your 'appealable' notice if you wish to seek review by the Supreme Court of California." <u>Exhibit C</u>.

<u>III.</u>    <u>Grounds Relied Upon:</u>

*<u>A.</u>    <u>Statement of Undisputed Material Facts</u>*

1.    Petitioner has passed the July 2022 California Bar Examination. <u>Exhibit A</u>, *attached.*

2.    As a result, Petitioner has satisfied all requirements for admission to this Court's Bar except for having "an active positive moral character determination on file". <u>Id.</u>

3.    Petitioner at all material times is a member of the Massachusetts Bar. However, the Massachusetts Bar on or about December 2015 suspended the Petitioner for 27 months resulting — over the Petitioner's objections — in a reciprocal suspension from the Maine Bar. <u>Id.</u>, <u>Exhibit B</u>, *attached.* (Petitioner had previously resigned from the District of Columbia Bar. <u>Id.</u>) Such 27 month term suspension ended on or about March 2018. <u>Id.</u>

4.    Petitioner has always and continues to maintain his actual innocence of the basis for the Massachusetts suspension:

> However, I have not as yet been reinstated and most likely will never be reinstated because I continue publicly to maintain my

3

> actual innocence of the suspension findings and continue
> publicly to criticize the disciplinary and court process by which
> the false findings were made. Exhibit B.

At all material times, Petitioner still maintains that after completion
of the 27 month term suspension, the Massachusetts Bar — among
other improper requirements — was requiring that Petitioner admit
to guilt in the basis of his suspension before allowing him
reinstatement which Petitioner refused and continues to refuse to do.
Id. Thus, the reciprocal suspension in Maine still stands. Id. Such
reinstatement dispute to this date continues between Petitioner and
the Massachusetts Bar. Id.

5.       Therefore, Petitioner cannot complete the required
"Application for Determination of Moral Character" because *State
Bar Rule 4.41* states in relevant part:

> ... An attorney who is suspended for disciplinary reasons or
> disbarred, has resigned with disciplinary charges pending or is
> otherwise not in good standing for disciplinary reasons in any
> jurisdiction may not submit an application.

8.       Because the Respondent prohibits Petitioner from completing
its required "Application for Determination of Moral Character": a)
Petitioner cannot satisfy the remaining requirement for "an active
positive moral character determination on file" regardless of what
may be his character at issue; b) Respondent CalBar will not make
any recommendations to this Court on Petitioner's admission; and c)
Respondent CalBar has *de facto* denied Petitioner admission.

9.       Petitioner specifically through correspondence informed the
State Bar of the Constitutional and other legal requirements for
allowance of an "Application for Determination of Moral Character"

4

submission and of a hearing on Petitioner's Application for admission. <u>Exhibit B</u>. The only reply received is <u>Exhibit C</u>.

### *B.     Statement of Undisputed Material Law*

1.      *Bus. & Prof. Code §6062-6064(a)* states:

(a)  To be certified to the Supreme Court for admission, and a license to practice law, a person who has been admitted to practice law in a sister state, United States jurisdiction, possession, territory, or dependency the United States may hereafter acquire shall:

(1)  Be of the age of at least 18 years.

(2)  Be of good moral character.

(3)  Have passed the general bar examination given by the examining committee. However, if that person has been an active licensee in good standing of the bar of the admitting sister state or United States jurisdiction, possession, or territory for at least four years immediately preceding the first day of the examination applied for, he or she may elect to take the Attorneys' Examination rather than the general bar examination. Attorneys admitted less than four years and attorneys admitted four years or more in another jurisdiction but <u>who have not been active licensees in good standing of their admitting jurisdiction for at least four years immediately preceding the first day of the examination applied for</u> must take the general bar examination administered to general applicants not admitted as attorneys in other jurisdictions.

(4)  Have passed an examination in professional responsibility or legal ethics as the examining committee may prescribe.
...
(a)  <u>Upon certification by the examining committee that the applicant has fulfilled the requirements for admission to practice law</u>, the Supreme Court may admit the applicant as an attorney at law in all the courts of this state and may direct an

5

order to be entered upon its records to that effect. A certificate of admission thereupon shall be given to the applicant by the clerk of the court.

(Emphasis added.)

2.     *California Rules of Court Rule 9.3* entitled *"Inherent power of Supreme Court"* states:

(a) Inherent power over admissions

The Supreme Court has the inherent power to admit persons to practice law in California. The State Bar serves as the administrative arm of the Supreme Court for admissions matters and in that capacity acts under the authority and at the direction of the Supreme Court. The Committee of Bar Examiners, acting under authority delegated to it by the State Bar Board of Trustees, is authorized to administer the requirements for admission to practice law, to examine all applicants for admission, and to certify to the Supreme Court for admission those applicants who fulfill the admission requirements.

(b) Inherent jurisdiction over practice of law

Nothing in this chapter may be construed as affecting the power of the Supreme Court to exercise its inherent jurisdiction over the practice of law in this state.

3.     *State Bar Rule 4.2* entitled *"Scope of Rules"* states:

These rules apply to persons seeking to practice law in California. Nothing in these rules may be construed as affecting the power of the California Supreme Court to exercise its inherent jurisdiction over the practice of law in California.

6

*C.*     *Reasons and Argument in Support of Petition*

A.     IT IS ILLEGAL TO LET THE COMMITTEE ON
       ADMISSIONS, OTHER JURISDICTIONS, OR
       ADMINISTRATIVE BYLAWS DECIDE WHO TO ADMIT
       TO THIS COURT'S BAR.

By statute, by California Constitutional and Rules law, and by

case law, it is undisputed that only this Supreme Court has the

authority and the duty to make admissions decisions:

> As a general matter, the question whether an applicant should
> be admitted to the State Bar and thereby obtain a license to
> practice law in California is governed by state law. In
> California, the general requirements and standards for
> admission to the State Bar are set forth both in statutory
> provisions enacted by the Legislature ( Bus. & Prof.Code, §
> 6060 et seq. ) and in court rules that are promulgated by this
> court (see, e.g., Cal. Rules of Court, rule 9.30 [Rules on Law
> Practice, Attorneys, and Judges]; see also Rules of State Bar,
> rules 4.1 to 4.269 [Admissions and Educational Standards] ).
> Although both the Legislature and this court possess the
> authority to establish rules regulating admission to the State
> Bar, under the California Constitution this court bears the
> ultimate responsibility and authority for determining the issue
> of admission. (See, e.g., Hustedt v. Workers' Comp. Appeals Bd.
> (1981) 30 Cal.3d 329, 336–337, 178 Cal.Rptr. 801, 636 P.2d 1139
> ["In California, the power to regulate the practice of law,
> including the power to admit and to discipline attorneys, has
> long been recognized to be among the inherent powers of the
> article VI courts. Indeed, every state in the United States
> recognizes that the power to admit and to discipline attorneys
> rests in the judiciary." ...
> ...
> Note 11. The Committee makes recommendations to this court
> regarding the admission of individual applicants (Bus. &
> Prof.Code, § 6046 ), but this court makes the ultimate decision
> on admission pursuant to the court's constitutional authority
> over the practice of law in California. (See, e.g., Brydonjack v.

7

State Bar (1929) 208 Cal. 439, 445–446, 281 P. 1018.)
In Re Garcia, 58 Cal. 4 th 440, 451-52 & note 11 (2014).
(Emphasis added.)

Though in exercising this statutory and Constitutional authority, this Court has delegated some administrative duties to the legislatively created State Bar, this Court has the ultimate and absolute control over both attorney admissions and discipline decisions. Saleeby v. State Bar, 39 Cal.3d 547, 557-58 (1985).

The *California Rules of Court Rule 9.5* entitled *"Supreme Court approval of admissions rules"* states, "[a]ll State Bar rules adopted by the State Bar Committee of Bar Examiners pertaining to the admission to practice law must be approved by the Board of Trustees and then submitted to the Supreme Court for its review and approval." However, Petitioner through his research and investigation has not been able to locate any Supreme Court "review and approval" of the *State Bar Rule 4.41* at issue. Upon information and belief, *State Bar Rule 4.41* at issue is an internal administrative creation of the State Bar.

If there is Supreme Court approval for this *Rule 4.41* somewhere that Petitioner has missed, such approval would still be an unlawful delegation of this Court's State and Federal Constitutional Due Process and Equal Protection duties. *See* infra ¶B.

*Bus. & Prof. Code §6062-6064(a)* does not limit the "moral character" determination in the way *Rule 4.41* does nor does it authorize such limitation. If it did, such statute would be an unlawful violation of Federal Constitutional Due Process and Equal Protection duties. *See* infra ¶B.

8

B.     IT IS A VIOLATION OF DUE PROCESS AND EQUAL
       PROTECTION TO DENY ADMISSION AND
       REINSTATEMENT WITHOUT A HEARING.

1. Due Process:

It is undisputed that the Petitioner has a 14th Amendment
liberty interest in admission to the Bar; as a matter of Due Process,
every qualification for bar admission — good moral character
included — must bear a rational relationship to an applicant's fitness
or capacity to practice law. Schware v. Board of Bar Examiners, 353
U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). Furthermore,
any decision denying admission, because it is a protected liberty
interest, is entitled to procedural due process protection:

a)     Some form of notice and an opportunity to be heard must
       be afforded the individual. Goss v. Lopez, 419 U.S. 565
       (1975); Perry v. Sindermann, 408 U.S. 593 (1972); Board
       of Regents v. Roth, 408 U.S. 564 (1972); Willner v.
       Committee on Character & Fitness, 373 U.S. 96 (1963).
       *See generally* Annot., 2 A.L.R.3d 1266.

b)     The decision rendered must result from sufficient
       grounds based upon the evidence before the decision-
       maker. Konigsberg v. State Bar, 353 U.S. 252, 262 (1957);
       Schware v. Board of Bar Examiners, 353 U.S. 232, 239
       (1957); *See* In re Dileo, 307 So.2d 362, 364 (La. 1975); In
       re Manville, 494 A.2d 1289 (D.C. 1985) ("Thus, rather
       than taking the view that prior serious misconduct

9

invariably requires disqualification, courts tend to
consider the facts of each case in light of the totality of
circumstances surrounding an application for bar
admission.")

The required procedural due process "must be construed to
mean the exercise of a discretion after fair investigation, with such a
notice, hearing, and opportunity to answer for the applicant as would
constitute due process". Goldsmith v. US Board of Tax Appeals, 270
U.S. 117, 123; 46 S.Ct. 215, 217 (1926). The essence of constitutionally
acceptable procedural due process is a notice and a hearing to be
heard. Mathews v. Eldridge, 424 U.S. 319, 348; 96 S.Ct. 893, 909
(1976). In this matter, there is no determination of Petitioner's
qualifications for admission through any adjudicatory proceedings by
this Court nor even by the Admissions Committee: there is an outright
refusal to hear Petitioner's qualifications by not allowing him to
complete the administrative process for getting an adjudicatory
hearing. There is a denial of the specific procedural due process
created by California statute to satisfy substantive Due Process and
an outright denial of substantive Due Process itself.

Petitioner notes that pursuant to *CA. Bus. and Prof. Code
§6049.1* and *State Bar Rule 5.350*, the State Bar does admit that
procedural and substantive Due Process requirements do apply for
any enforcement of foreign disciplinary proceedings — such as a
suspension — upon California attorneys. This law provides that
before enforcing any foreign disciplinary proceeding, the attorney has
a right to a hearing to dispute:

10

(1)  The degree of discipline to impose.

(2)  Whether, as a matter of law, the member's culpability determined in the proceeding in the other jurisdiction would not warrant the imposition of discipline in the State of California under the laws or rules binding upon members of the State Bar at the time the member committed misconduct in such other jurisdiction, as determined by the proceedings specified in subdivision (a).

(3)  Whether the proceedings of the other jurisdiction lacked fundamental constitutional protection. *CA. Bus. and Prof. Code §6049.1*

There is no rational reason as to why attorneys applying for admission are not entitled to the same procedural and substantive Due Process regarding past and completed foreign discipline as are provided admitted attorneys regarding present and active discipline.

Based on these Constitutional duties, this Court and many other states have heard on the merits petitions for admission to their bar from attorneys disbarred in another state. *See,* In re Menna, 11 Cal.4th 975 (Cal. 1995), 47 Cal. Rptr.2d 2 (Cal. 1995), 905 P.2d 944 (Cal. 1995) (New Jersey disbarred attorney applying and heard on the merits for admission to California bar); *accord* In re Gossage, 23 Cal.4th 1080, 1097 & n. 21 (Cal. 2000), 99 Cal. Rptr. 2d 130 (Cal. 2000), 5 P.3d 186 (Cal. 2000); Bailey v. Bd. of Bar Examiners, 2014 Me. 58, n. 5 (Me. 2014) (Florida disbarred attorney applying and heard on the merits for admission to Maine); In re Surrick, Miscellaneous No. 00-86, United States District Court, E.D. Pennsylvania (attorney disbarred in Pennsylvania is heard on the merits and reinstated in federal court).

11

2. Equal Protection:

This Court has previously stated that CalBar admission requirements and decisions implicate Equal Protection concerns. Bib'le v. Committee of Bar Examiners, 26 Cal.3d 548, 554 (1980); In re Garcia, 58 Cal. 4 th 440, 452-53 (2014). It is well-established that the Equal Protection guarantees contained in the United States Constitution are violated when a law is not applied evenhandedly. Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1072-73, 30 L.Ed. 220 (1886).

As California law is now, the following individuals are not only entitled to complete the "Application for Determination of Moral Character" required by *State Bar Rule 4.41* but may in fact be entitled to "an active positive moral character determination" and subsequent admission to this Court's Bar:

— applicants with a misdemeanor or felony criminal record. Martin B. v. Committee of Bar Examiners of State Bar of California, 190 Cal.Rptr. 610 (1983); Hallinan v. Committee of Bar Examiners of State Bar of California, 55 Cal.Rptr. 228 (1966).

— applicants who are in active criminal violation of federal immigration law. In re Garcia, *supra*.

— applicants who have had their employment agency licenses or other professional licenses suspended for misconduct. Hall v. Committee of Bar Examiners of State Bar of California, 159 Cal.Rptr. 848 (1979).

--- applicants against whom allegations are made of sexual

12

harassment, of illegal wiretapping, and of vexatious frivolous

litigation. Lubetzky v. State Bar, 285 Cal.Rptr. 268 (1991).

Yet, Petitioner and others similarly situated are denied the ability to

even complete the "Application for Determination of Moral

Character" because they previously had been suspended in another

jurisdiction years before applying for admission — and have

completed their limited term suspension years earlier. For the

Petitioner, unlike a criminal record or active involvement in a federal

immigration crime such as in Martin, *supra*; Hallinan, *supra*; and

Garcia, *supra*, a completed limited term suspension acts as a life-

time nationwide disbarment without any hearing on disbarment.

### C.    Conclusion

According to the present reasoning of the Respondent CalBar

denying Petitioner the ability to be heard on admission, the twenty-

seven-month limited term suspension by Massachusetts completed

over four years ago forever disbars Petitioner from admission to the

California Bar and from any other bar until and if Massachusetts

decides to reinstate Petitioner (which Petitioner claims it is

wrongfully refusing to do). A limited term suspension is becoming a

disbarment nationwide without any hearing or opportunity to be

heard. Even if the suspension was justified — which it was not —

such *de facto* disbarment without a disbarment hearing or any

hearing would still be a Due Process and Equal Protection violation.

*See* Application of Hughes, 594 A.2d 1098, 1101 n.2 (Me. 1991)

(Dealing with a Georgia disbarred attorney applying for admission to

13

Maine: "[e]ven if petitioner had satisfied Georgia's requirements for readmission, she would still be required to establish that she was qualified for admission to the Maine bar. Because she has failed to meet Maine's requirement for reinstatement, we need not address the further legal question posed by the Board.")

THEREFORE, Petitioner asks for:

*i*)     an order to the State Bar Office of Admissions that it allow Petitioner to complete and submit the "Application for Determination of Moral Character" required by *State Bar Rule 4.41* for purposes of the CalBar making recommendations to this Court on admission of the Petitioner to its Bar;

*ii*)     an order declaring that portion of *State Bar Rule 4.41* barring Petitioner and other individuals in similar circumstances from completing and submitting its required "Application for Determination of Moral Character" to be an unlawful *de facto* denial of admission in violation of law.

Petitioner Valeriano Diviacchi,

/s/ Valeriano Diviacchi

Valeriano Diviacchi

CalBar File #559654

 24 Holton Street, Boston, MA. 02134

617-542-3175. Fax: 617-542-3110

vdiviacchi@me.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Petition was served upon Respondent on 28 November 2022 by email addressed to: amy.nunez@calbar.ca.gov.

I hereby certify that pursuant to *California Rules of Court Rule 9.13(f)*, three copies of this Petition and one copy of this Petition were served respectively on 22 November 2022  by first class postage prepaid mail addressed to:

Ellin Davtyan, General
Counsel of the State Bar
180 Howard St.
San Francisco, CA 94105

Clerk of the State Bar Court
45 S. Figueroa St.
Los Angeles, CA 90017

I hereby certify that pursuant to *Rule 5* of *Supreme Court Rules for Electronic Filing* that on 22 November 2022 one unbound copy of this Petition was mailed by first class postage prepaid to the Supreme Court addressed to:

Supreme Court of California

Clerk of Court — Bar Docket

350 McAllister Street

San Francisco, CA 94102-4797

/s/ Valeriano Diviacchi

15

 **The State Bar of California**

**OFFICE OF ADMISSIONS**

Dear Valeriano Diviacchi,

The Committee of Bar Examiners of the State Bar of California is pleased to report that you achieved a passing score on the July 2022 California Bar Examination. Congratulations; you may justly be proud of your achievement

Although you have passed the examination, you have not met the following requirement(s) for admission

Have an active positive moral character determination on file

All requirements for admission to practice law in the State of California must be satisfied before your name can be placed on a motion to the Supreme Court, which will allow you to take the attorney's oath. The Admissions Rules require you to take the attorney's oath within five years after the last day of the administration of the bar examination that you passed. Otherwise, you will again have to pass the California Bar Examination and have a current positive moral character determination in order to be re-certified as eligible to take the attorney's oath.

The Committee of Bar Examiners



PLAINTIFF'S
EXHIBIT

A

State Bar Website (https://www.calbar.ca.gov)

is (/s/status)         The State Bar *of California*

# Applications & Requests

Search...                    Search

## Admission Status

Following are the requirements for admission to practice law in California and your status toward fulfilling those requirements.

Please note: The information below is current as of today. Any recent changes in your status will be reflected when the next update is received.

File Number: 559654
Name:       Valeriano Diviacchi
Address:    24 Holton Street
            Boston  MA   02134-1337  USA

### REGISTRATION

Admission Requirement: Register with the Office of Admissions
Applicant Status:       Approved
NCBE#:                   N10383720

### FIRST-YEAR LAW STUDENTS' EXAMINATION

Admission Requirement: Pass the First-Year Law Students' Examination or establish exemption
Applicant Status:       Requirement Satisfied

### CALIFORNIA BAR EXAMINATION

Admission Requirement: Pass the California Bar Examination
Applicant Status:        Requirement satisfied

Last Exam Applied for:   July 2022
Eligibility Status:      Eligible
Assigned Test Center:    Oakland Convention Center

## PROVISIONAL LICENSURE EXPANSION PROGRAM ELIGIBILITY

Admission Requirement: Have 1390 score in past Examination from July 2015 to February 2020 on file (as of May 31, 2021 the application is closed).
Applicant Status:        Not Eligible

## MORAL CHARACTER

Admission Requirement: Have an active positive moral character determination on file
Applicant Status:        Requirement not satisfied

## MULTISTATE PROFESSIONAL RESPONSIBILITY EXAMINATION

Admission Requirement: Have a passing MPRE score on file
Applicant Status:        Requirement satisfied

## COMPLIANCE WITH COURT OBLIGATIONS

Admission Requirement: Be in compliance with all court ordered child/family support obligations
Applicant Status:        Requirement satisfied

## ADMINISTRATIVE ISSUES

Admission Requirement: All administrative issues must be cleared
Applicant Status:        No administrative issues at this time

## QUALIFIED TO BE ADMITTED TO PRACTICE LAW

Admission Requirement: Name must be on motion to the Supreme Court of California and applicant must be sworn in as an attorney within five years of the last day of the California Bar Examination passed

| Applicant Status: | Not on motion |
| | See above for requirement(s) |

# Protecting the public & enhancing the administration of justice.

SAN FRANCISCO
(Main Office)
180 Howard St.
San Francisco, CA 94105
415-538-2000

LOS ANGELES
845 S. Figueroa St.
Los Angeles, CA 90017
213-765-1000

Valeriano Diviacchi
24 Holton Street
Boston, MA 02134
4 August 2022
vdiviacchi@me.com
617-542-3175
File #559654

Attorney Alex Lawrence
    Chair Committee of Bar Examiners
Attorney Esther Lin
    Vice-Chair Committee of Bar Examiners
Attorney Paul Kramer
    Vice-Chair Committee of Bar Examiners
Committee of Bar Examiners
180 Howard Street
San Francisco, CA 94105


PLAINTIFF'S EXHIBIT B

Attorney Ruben Duran
    Chair-Board of Trustees
Attorney Brandon Stallings,
    Vice-Chair Board of Trustees
State Bar Board of Trustees
180 Howard Street
San Francisco, CA 94105

    RE:  Substantive and Procedural Due Process and Equal Protection Violations created
        by *Rule 4.41(A)* of the Admissions Rules

Dear Attorneys,

    I am writing to your attention in an attempt to resolve without need of court filings the following violations of Constitutional law created by *Rule 4.41(A)* of the Admissions Rules. This Rule by denying certain attorneys the ability to be heard by the California Supreme Court on their petitions for admission is a denial of both the Substantive Due Process and procedural due process requirements; the Equal Protection requirements; and the 1st Amendment fundamental right of petition that through the 14th Amendment to the United States Constitution are applicable to California state law. This Rule without a hearing essentially arbitrarily and randomly disbars for life an entire class of applicants through your Committees' own unappealable procedural bar without any hearing or ability for direct review by the Supreme Court -- such petitioning ability is a fundamental 1st Amendment right for 14th Amendment Due Process purposes whose restriction is subject to strict scrutiny. The following is a summary of the facts and nature of this case; I respectfully ask you or your respective Committee to reply and resolve this problem.

Summary of Background Facts:

I was a practicing trial attorney for over 25 years in Massachusetts, Maine, and the District of Columbia having handled approximately 1000 court cases during that time period. In or about December of 2015, I was suspended for 27 months by the Massachusetts Bar. That limited term suspension expired on or about March of 2018. However, I have not as yet been reinstated and most likely will never be reinstated because I continue publicly to maintain my actual innocence of the suspension findings and continue publicly to criticize the disciplinary and court process by which the false findings were made.

Instead, I have applied for admission to the California Bar. I recently took the California Bar Examination on 26-27 July 2022. According to my Admissions Status page, my only remaining requirements for admission are passing the Bar Exam and passing the Moral Character Examination. However, *Rule 4.41(A)* of the Admissions Rules specifically bars me from filing a Moral Character Examination and the online application process will not allow me to file:

> *Rule 4.41 Application for Determination of Moral Character*
> *(A) ... An attorney who is suspended for disciplinary reasons or disbarred, has resigned with disciplinary charges pending or is otherwise not in good standing for disciplinary reasons in any jurisdiction may not submit an application.*

Without the ability to file such an Moral Character Examination, there is no way to complete my application nor to get any hearing on my application for admission and thus there is no way to appeal any denial of admission by the application process to the California Supreme Court.

Your *Rule 4.9* gives me a nominal right of review by the Supreme Court of California for any "applicant refused certification ... for admission to practice" but I cannot get such refusal for purposes of appeal unless I am first allowed to complete my application. This is an unfair Catch-22 situation: I must submit a moral character application for admission and for appeal of a denial of admission to the California Bar but I am *de facto* denied such admission by your denying me the ability to submit such application.

Statement of the Case / Argument:

I.      IT IS ILLEGAL TO LET MASSACHUSETTS AND ADMINISTRATIVE BYLAWS DECIDE WHO IS ADMITTED TO THE CALIFORNIA BAR.

Pursuant to *Rule 9.3* of the Supreme Court of California Rules:

> ... The Supreme Court has the inherent power to admit persons to practice law in California. The State Bar serves as the administrative arm of the Supreme Court for admissions matters and in that capacity acts under the authority and at the direction of the Supreme Court. The Committee of Bar Examiners, acting under authority delegated to it by the State Bar Board of Trustees, is authorized to administer the requirements for admission to practice law, to examine all applicants for admission, and to certify to the Supreme Court for admission those applicants who fulfill the admission requirements.

(b)Inherent jurisdiction over practice of law

Nothing in this chapter may be construed as affecting the power of the Supreme Court to exercise its inherent jurisdiction over the practice of law in this state.

I submit it is clearly an unlawful violation of the authority granted by the Supreme Court to your Committees to let another State make admission decisions for the California Bar. According to the present reasoning of *Rule 4.41* denying my ability to apply for admission, a twenty-seven-month wrongful limited term suspension by Massachusetts forever disbars me from admission to the California Bar — or any other bar for that matter according to your reasoning — until and if Massachusetts decides to reinstate me (which it is wrongfully refusing to do).

Many states including the California Supreme Court have held that attorneys disbarred in another state — not just suspended for a limited term as wrongfully occurred to me but fully disbarred — are entitled to be heard on the merits on petitions for admission to their bar. *See* In re Menna, 11 Cal.4th 975 (Cal. 1995), 47 Cal. Rptr.2d 2 (Cal. 1995), 905 P.2d 944 (Cal. 1995) (New Jersey disbarred attorney applying and heard on the merits for admission to California bar) *accord* In re Gossage, 23 Cal.4th 1080, 1097 & n. 21 (Cal. 2000), 99 Cal. Rptr. 2d 130 (Cal. 2000), 5 P.3d 186 (Cal. 2000); Bailey v. Bd. of Bar Examiners, 2014 Me. 58 and n. 5 (Me. 2014) (Florida disbarred attorney applying and heard on the merits for admission to Maine); *In re Surrick*, Miscellaneous No. 00-86, United States District Court, E.D. Pennsylvania (attorney disbarred in Pennsylvania is heard on the merits and reinstated in federal court); *See* Application of Hughes, 594 A.2d 1098, 1101 n.2 (Me. 1991) (Dealing with a Georgia disbarred attorney applying for admission to Maine: "[e]ven if petitioner had satisfied Georgia's requirements for readmission, she would still be required to establish that she was qualified for admission to the Maine bar. Because she has failed to meet Maine's requirement for reinstatement, we need not address the further legal question posed by the Board.")

II.    IT IS A VIOLATION OF DUE PROCESS AND EQUAL PROTECTION TO DENY
       ADMISSION WITHOUT A HEARING OR SOME FINDING ON THE MERITS.

As a matter of due process and equal protection, every qualification for bar admission — good moral character included — must bear a rational relationship to an applicant's fitness or capacity to practice law and the ability to practice law is protected by procedural due process. Schware v. Board of Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957). The required procedural due process "must be construed to mean the exercise of a discretion after fair investigation, with such a notice, hearing, and opportunity to answer for the applicant as would constitute due process". Goldsmith v. US Board of Tax Appeals, 270 U.S. 117, 123; 46 S.Ct. 215, 217 (1926). The essence of constitutionally acceptable procedural due process is a notice and a hearing to be heard. Mathews v. Eldridge, 424 U.S. 319, 348; 96 S.Ct. 893, 909 (1976).

Further, it is well-established that the Equal Protection guarantees contained in the United States Constitution are violated when a law is not applied evenhandedly. Yick Wo v. Hopkins, 118 U.S. 356, 373-74, 6 S.Ct. 1064, 1072-73, 30 L.Ed. 220 (1886).

My petition for admission requests the same of the California Bar as required by any applicant. My completed limited term suspension is becoming a disbarment in California and

nationwide without any hearing and for no rational reason. Even if the suspension was justified — which it was not — such result of denying my application for admission without the ability to complete the application process with a right of appeal pursuant to *Rule 9.3* would still be a violation of procedural due process, Due Process, and Equal Protection and also a Catch-22 denying me the ability to petition the Supreme Court for appeal of a denial of admission.

<u>Conclusion:</u>

I ask for permission and the practical ability online or wherever to complete the Moral Character Application so that my application for admission is complete and you can decide it on the merits with right of appeal pursuant to *Rule 9.3*.


Sincerely,


Val Diviacchi



**OFFICE OF ADMISSIONS**

180 Howard Street, San Francisco, CA 94105

amy.nunez@calbar.ca.gov
415-538 2300

November 18, 2022

<u>PERSONAL & CONFIDENTIAL - VIA EMAIL</u>

**Valeriano Diviacchi**
**24 Holton Street**
**Boston, MA 02134-1337**

**File #: 559654**

Dear Valeriano Diviacchi,

The State Bar is in receipt of your correspondence regarding Rule 4.41(A) of the Rules of the State Bar of California. Pursuant to this rule, you are not permitted to submit an Application for Determination of Moral Character at this time.

This communication will serve as your "appealable" notice if you wish to seek review by the Supreme Court of California.

Sincerely,

Amy C. Nuñez
Program Director III
Office of Admissions



San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

**EXHIBIT 2**

SUPREME COURT
FILED

MAR 1 5 2023

State Bar Court - File No. 559654

Jorge Navarrete Clerk

S277485

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re VALERIANO DIVIACCHI on Admission.

The petition for review is denied.

GUERRERO

*Chief Justice*

**EXHIBIT 3**

IN THE SUPREME COURT

OF THE STATE OF CALIFORNIA

Case No. S277485

_____

In re Valeriano Diviacchi

_____

PETITION FOR RE-HEARING / by Affidavit

I.    Relief Sought:

Re-hearing of the rescript denial of this Petition.

II.    Grounds Relied Upon:

On the grounds of the Privileges and Immunities Clause of the 14th Amendment that is now an issue given the grave injustice and discriminatory treatment resulting from the rescript denial of the 14th Amendment Due Process and Equal Protection claims of this Petition, Petitioner seeks re-hearing.

As the California bar admission application process stands now, an undocumented immigrant in active felonious violation of federal immigration law has more privileges and immunities to apply for admission to the California State Bar (specifically, the legal right to complete the California Bar "Application for Determination of

1

Moral Character" and to receive a hearing and decision on the merits
to such application) than the Petitioner who is a legal refugee to the
United States and a naturalized United States citizen with an
honorable discharge from military service for the United States with
no criminal record. *Compare*, In re Garcia, 58 Cal. 4th 440, 452-53
(2014) to the Decision on this Petition. The latter U.S. Citizen — this
Petitioner Diviacchi — is now *de facto* barred for life from the
California Bar purely administratively without any judicial hearing or
any hearing on the merits. This *de facto* disbarment is reciprocal
punishment for what was a limited term suspension in another state
for which the term itself has long since been served and completed —
again, this reciprocal punishment is issued without any hearing or
even judicial review of the term suspension by any reciprocal hearing.

Petitioner respectfully submits that such unequal treatment of
immigrant and U.S. Citizen applicants and CA Bar Exam passers for
the California Bar is a grave injustice that gives the impression that
the Bar admission process is governed by political fads just as
occurred previously in California history when political fads were
different but just as strong and biased the other way against
immigrants. *See* Konigsberg v. State Bar, 353 U.S. 252, 77 S. Ct. 722
(1957) (*e.g.*, "A lifetime of good citizenship is worth very little if it is
so frail that it cannot withstand the suspicions which apparently were
the basis" for California government action against the petitioning
immigrant applying for bar admission. Konigsberg, at 273-74 (1957)).

2

*A.      Statement of Undisputed Material Facts and Law /
                            Verified*

If this Court or the State Bar had allowed Petitioner to
complete the State Bar "Application for Determination of Moral
Character", upon Diviacchi's own personal knowledge he verifies that
it would have learned that:

    1)      the Petitioner is a legal immigrant refugee to this
Country after escaping from communist Yugoslavia. Petitioner
is a naturalized United States Citizen with an honorable
discharge from six years of service in the U.S. Navy.

    2)      Petitioner has continued into his 65th year of life as he
has lived his whole life: as a contributing working or full-time
student member of society who has 1) never filed for
bankruptcy nor ever had any bankruptcy problem, debt liens,
or judgments against him; 2) always paid his debts including
taxes in full and on-time including all student loans and
mortgages; 3) always paid his income taxes on time and never
had any local, state, or federal tax liens; 4) supported his
family by working since he was 14 and as a married adult
within 35 years of marriage supporting his child; 5) never had a
criminal record nor any civil liability including malpractice
settlements nor judgments ever entered against him; and 5)
handled approximately a thousand cases in seven different
jurisdictions for almost 25 years.

    3)      Petitioner has used the last few years of his forced

3

removal from the practice of law to return to post-graduate studies at his own expense using his retirement funds. Petitioner expects to get his Ph.D. in philosophy in 2023.

4)      The Massachusetts suspension and any subsequent denial of reinstatement are not entitled to reciprocal enforcement in California because it was factually and legally deficient and issued in violation of the U.S. First Amendment.

## B.    _Reasons and Argument in Support of Re-Hearing_

As argued in the Petition to which no opposition was filed by the State Bar, it is undisputed that the Petitioner has a 14th Amendment and a California Constitutional liberty interest in admission to the Bar as a matter of substantive and procedural Due Process and as a matter of Equal Protection. For unstated reasons, this Court admits to such liberty interests and resulting rights for undocumented immigrants in active commission of federal felonies, to convicted felons, and to others with disciplinary life and work problems but denies such liberty interest to the Petitioner who is a U.S. Citizen with no criminal record. _See_ Petition "Reasons and Arguments" that are unopposed by the State Bar.

Though admittedly it is unclear as to what general privileges and immunities are protected by the Privileges and Immunities Clause of the 14th Amendment of the U.S. Constitution as distinct from its Due Process and Equal Protection Clauses, there is one specific privilege and immunity that is so protected and is specifically listed

4

by the U.S. Supreme Court for over a century as so distinctly and separately protected by the Privileges and Immunities Clause:

> 1)     right of access to the seat of government and to courts of justice. Slaughter-House Cases, 183 U.S. (16 Wall.) 36, 71, 77–78 (1873) *citing* Crandall v. Nevada, 73 U.S. (6 Wall.) 35 (1868).

Petitioner respectfully submits that if this Court is going to give undocumented immigrants while in active felonious violation of federal immigration law a right to complete the State Bar admission application, to get a hearing on the merits of that application, and to get judicial review of that application, then at a minimum any U.S. Citizen — especially one with no criminal record and no active disciplinary record as the Petitioner — is entitled to complete the State Bar admission application, to get a hearing on the merits of that application, and to get judicial review of that application. Any denial of such privilege and immunity is a denial of the Privileges and Immunity Clause in addition to everything else that makes it wrong.

THEREFORE, Petitioner asks for:

> *I*)     an order to the State Bar Office of Admissions that it allow Petitioner to complete and submit the "Application for Determination of Moral Character" required by *State Bar Rule 4.41* for purposes of the CalBar making recommendations to this Court on admission of the Petitioner to its Bar.

5

The above facts stated upon the Petitioner's personal knowledge are true under the pains and penalties of perjury:

Petitioner Valeriano Diviacchi,

/s/ Valeriano Diviacchi

Valeriano Diviacchi

CalBar File #559654

24 Holton Street, Boston, MA. 02134

617-542-3175. Fax: 617-542-3110. vdiviacchi@me.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was served upon Respondent on 20 March 2022 by email addressed to:

Jean.Krasilnikoff@calbar.ca.gov

6

**EXHIBIT 4**

SUPREME COURT
FILED

MAY - 3 2023

Jorge Navarrete Clerk

Deputy

State Bar Court - State Bar File No. 559654

S277485

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re VALERIANO DIVIACCHI on Admission.

The petition for rehearing is denied.
The stay of the order denying review is hereby dissolved.

GUERRERO

*Chief Justice*