UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| VALERIANO DIVIACCHI,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE BAR OF CALIFORNIA,<br><br>    Defendant. | Case No. 23-cv-02417-LB<br><br>**ORDER DISMISSING CASE**<br><br>Re: ECF No. 7 |

## INTRODUCTION

Plaintiff Valeriano Diviacchi, who represents himself, passed the California bar exam in 2022. Because he was suspended for disciplinary reasons from the Massachusetts and Maine bars, he cannot submit the California State Bar's Application for Determination of Moral Character and thus cannot be admitted to the California bar.[1] Cal. State Bar R. 4.41(A). He challenged the State Bar's suspension in two petitions for review to the California Supreme Court, which denied his petitions.[2] He then filed this lawsuit, claiming (1) violations of the Privilege and Immunities Clause and his rights to substantive due process, procedural due process, and equal protection, all under the

---

[1] Compl. – ECF No. 1 at 4–5 (¶¶ 13, 15, 16(D)). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 8 (¶ 21).

ORDER – No. 23-cv-02417-LB

Fourteenth Amendment to the U.S. Constitution (claims one through four), and (2) a violation of his First Amendment right to petition the government.[3]

The court grants the State Bar's motion to dismiss:[4] the court lacks subject-matter jurisdiction because the Eleventh Amendment bars the lawsuit, and the *Rooker-Feldman* doctrine bars this de facto appeal of the state court's final judgment.

**STATEMENT**

The following sections summarize the Massachusetts disciplinary proceedings, the State Bar's notice to the plaintiff that he could not submit a moral-character application, and the plaintiff's challenge to that decision in state court.

In December 2015, the Massachusetts Bar suspended the plaintiff for twenty-seven months, which resulted in a reciprocal suspension by the Maine Bar.[5] After the term of suspension ended in March 2018, the Massachusetts Bar denied the plaintiff's petition for reinstatement because, according to the plaintiff, it required him to admit his guilt, and he maintains his innocence of the grounds for his suspension.[6] (The California Bar points out that Massachusetts Bar denied reinstatement because the plaintiff did not meet his burden of showing that during the period of suspension, he had redeemed himself and was trustworthy. *In re Diviacchi*, 491 Mass. 1003, 1005–08 (2022) (the standard does not require admission of wrongdoing and repentance; the plaintiff did not address the original findings that he was unfit to practice law and lacked the moral qualifications to do so and instead mostly complained about the qualifications of the persons conducting the disciplinary and reinstatement proceedings).)

After the plaintiff passed the California Bar, the State Bar notified him by letter dated November 18, 2022, that he was not permitted to submit an Application for Determination of Moral Character, which is required by State Bar Rule 4.41(A). It notified him of his right to seek

---

[3] *Id.* at 8–10 (¶¶ 22–36).

[4] Mot. – ECF No. 7.

[5] Compl. – ECF No. 1 at 5 (¶ 16(D)); Pet. for Rev., Ex. 1 to Compl. – ECF No. 1 at 15.

[6] Compl. – ECF No. 1 at 5–6 (¶ 16(D)–(E)); Pet. for Rev., Ex. 1 to Compl. – ECF No. 1 at 15–16.

review by the California Supreme Court.[7] Rule 4.41(A) states that "[a]n attorney who is suspended for disciplinary reasons or disbarred, has resigned with disciplinary charges pending or is otherwise not in good standing for disciplinary reasons in any jurisdiction may not submit an application." Cal. State Bar R. 4.41(A).

On November 28, 2022, the plaintiff petitioned the California Supreme Court for review of the State Bar's application of Rule 4.41(A), asserting that it violated his due-process and equal-protection rights, and asking to be able to submit a moral-character application.[8] The court denied his petition.[9] The plaintiff petitioned for rehearing on the same grounds, again asserting due-process and equal-protection violations and adding a claim under the Privileges and Immunities Clause. The court again denied the petition.[10]

The plaintiff then sued the State Bar of California, claiming (under 42 U.S.C. § 1983) (1) violations of the Privilege and Immunities Clause and his rights to substantive due process, procedural due process, and equal protection, all under the Fourteenth Amendment, and (2) a violation of his First Amendment right to petition the government. He seeks equitable relief allowing him to submit his moral-character application.[11] The court has federal-question jurisdiction. 28 U.S.C. § 1331. All parties consented to magistrate-judge jurisdiction.[12] *Id.* § 636(c). The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

### STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[7] 11/18/2022 Letter, Ex. 1 to Compl. – ECF No. 1 at 36.
[8] Pet. for Rev., Ex. 1 to Compl. – ECF No. 1 at 13–27.
[9] Order, Ex. 2 to Compl. – ECF No. 1 at 38.
[10] Pet. for Reh'g, Ex. 3 to Compl. – ECF No. 1 at 40–45; Order, Ex. 4 to Compl. – ECF No. 1 at 47.
[11] Compl. – ECF No. 1 at 8–10 (¶¶ 22–36) & 10–11 (prayer for relief).
[12] Consents – ECF Nos. 2, 6.

(2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

**ANALYSIS**

The plaintiff sued only the State Bar and seeks only equitable relief, not money damages. The Eleventh Amendment bars the lawsuit against the State Bar for injunctive relief, and the *Rooker-Feldman* doctrine precludes a de facto appeal of the California Supreme Court's final decision denying the petition for review.

**1. Eleventh Amendment**

The Eleventh Amendment bars a lawsuit against a state or its agencies absent the state's consent or abrogation of immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276–77 (1986). Section 1983 did not abrogate the Eleventh Amendment immunity of the states. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). California has not waived its immunity for § 1983 claims. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999).

"The Ninth Circuit has held that the State Bar is an arm of the state; accordingly, it is entitled to Eleventh Amendment immunity." *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007) (citing *Hirsh v. Justices of Sup. Ct.*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."), and *Allegrino v. State Bar of Cal.*, Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 WL 1450312, at *4 (N.D. Cal. May 14, 2007) ("The State Bar of California is an 'arm of the state' for the purposes of Eleventh Amendment immunity.")). Other courts in this district have thus dismissed claims against the State Bar with prejudice because they are barred by the Eleventh Amendment. *Khanna*, 505 F. Supp. 2d at 644; *Look v. Harris*, No. C 16-5465-CRB, 2017 WL 345992, at *4 (N.D. Cal. Jan. 24, 2017).

The court dismisses the claim against the State Bar with prejudice under the Eleventh Amendment. The Eleventh Amendment also "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity." *Khanna*, 505 F. Supp. 2d at 645. It does not bar a claim against state officials in their official capacity for prospective relief. *Id.*; *Gordon v. State Bar*, No. C 08-3341 SI, 2008 U.S. Dist. LEXIS 94672, at *11 (N.D. Cal. Nov. 20, 2008) ("[T]he Eleventh Amendment bars plaintiff's claims for injunctive

relief against the Committee, but would not bar such claims against individual representatives of the Committee."). But the plaintiff did not name individual defendants.

### 2. *Rooker-Feldman* Doctrine

In any event, the plaintiff's claims for equitable relief are barred by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 482 (1923); *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). The plaintiff's remedy is to appeal the state-court decisions, not attack them in a lawsuit filed in federal court. The doctrine is narrow and confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005).

The plaintiff properly petitioned the California Supreme Court to challenge the State Bar's decision to deny his request for permission to submit a moral-character application. The California Supreme Court "has sole original jurisdiction over the bar admissions process." *Smith v. State Bar*, 212 Cal. App. 3d 971, 978 (1989) (cleaned up); *Giannini v. Comm. of Bar Exam'rs of State Bar*, 847 F.2d 1434, 1435 (9th Cir. 1998) (per curiam) ("Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar."). When an applicant like the plaintiff wants to challenge the State Bar's recommendations regarding attorney admissions, he must petition the California Supreme Court. *Chaney v. State Bar*, 386 F.2d 962, 966 (9th Cir. 1967).

The California Supreme Court denied the plaintiff's request to submit a moral-character application. He seeks the same relief here: prospective and injunctive relief to allow the submission of the application. The lawsuit is a de facto appeal of the California Supreme Court's final decision and is barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Martin v. State Bar*, No. 21-cv-01451-JST, 2021 WL 7162119, at *3 (N.D. Cal. Dec. 15, 2021).

## CONCLUSION

The plaintiff cannot cure the deficiencies in his complaint: he asks only for an order allowing him to submit an Application for a Determination of Moral Character. The court dismisses the complaint with prejudice. This resolves ECF No. 7.

**IT IS SO ORDERED.**

Dated: September 6, 2023

_____
LAUREL BEELER
United States Magistrate Judge